TODD LYNN THORUD,

      **Plaintiff,**

      v.                          **Case No. 26-CV-839**

NURSE HOLLAND,
JESSICA Y. GROSS,
KELLY PELKY,
RN W. BORGEN,
ANGEL HOFFMAN, and
JULIE LUDWIG,

      **Defendants.**

---

## SCREENING ORDER

---

Plaintiff Todd Lynn Thorud, who is currently serving a state prison sentence at Oshkosh Correctional Institution and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. On June 1, 2026, the court screened the complaint and after concluding it failed to state a claim, gave Plaintiff the opportunity to file an amended complaint. Plaintiff filed an amended complaint on June 18, 2026. The court will screen the amended complaint as required by 28 U.S.C. § 1915A.

### SCREENING OF THE AMENDED COMPLAINT

The court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). In screening a complaint, I must determine whether the complaint complies with the Federal Rules of Civil Procedure and

states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, Plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

### ALLEGATIONS OF THE AMENDED COMPLAINT

According to Plaintiff, on June 29, 2024, at 10:50 a.m., Plaintiff experienced a severe bout of gastrointestinal pain that stretched from his rib cage to his belly button. He asserts that he was unable to sit or stand and experienced nausea and weakness. Sgt. Forbes reported Plaintiff's condition and symptoms to the Health Services Unit (HSU). Plaintiff asserts that Nurse Holland subjected him to unnecessary pain and suffering and did not act in accordance with Department of Corrections and Bureau of Health Service Nursing Policies, though he does not specifically allege

2

what she did nor did not do.  He claims that he suffered for days and months afterwards.  Plaintiff also asserts that HSU management staff, HSU Manager Kelly Pelky, HSU Assistant Manager W. Borgen, HSU Assistant Manager Angel Hoffman, and HSU Assistant Nursing Coordinator Julie Ludwig, as well as Bureau of Health Service management staff, Jessica Y. Gross, failed to train and supervise HSU personnel.  Am. Compl. 3–6, Dkt. No. 8.

### THE COURT'S ANALYSIS

"To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).  As the court explained in the original screening order, a prison official violates the Eighth Amendment's prohibition against cruel and unusual punishment when he or she acts with deliberate indifference to the serious medical need of an incarcerated individual.  *Cesal v. Moats*, 851 F.3d 714, 720–21 (7th Cir. 2017) (citing *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976)).  To state a claim, a plaintiff "must allege an objectively serious medical condition and an official's deliberate indifference to that condition." *Id.* at 721 (quoting *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).  An objectively serious medical need is one that has either been diagnosed by a physician and demands treatment or is "so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Id.* (quoting *King v. Kramer*, 680 F.3d 1013, 1018 (7th Cir. 2012)).  The deliberate indifference standard is subjective and requires a plaintiff to allege that the official knew of, but disregarded, a substantial risk to the inmate's health.  *Id.* (citing *Farmer v. Brennan*, 511 U.S. 825, 836–38 (1994); *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005)).  "Negligence, gross negligence, or even

3

'recklessness' as that term is used in tort cases, is not enough." *Burton v. Downey*, 805 F.3d 776, 785 (7th Cir. 2015) (internal quotation marks and citation omitted).

The amended complaint contains no allegations from which the court can infer that Nurse Holland was deliberately indifferent to Plaintiff's serious medical needs. Plaintiff conclusorily asserts that Nurse Holland acted with intent and subjected him to unnecessary pain and suffering, but he does not allege what Nurse Holland did or did not do to violate his constitutional rights. He also alleges that Nurse Holland violated Department of Corrections and Bureau of Health Service Nursing Policies, but he does not state what Nurse Holland did to violate the policies. In any event, a "violation of prison policy alone does not violate the Constitution or suggest deliberate indifference." *Schroeder v. Sawall*, 747 F. App'x 429, 431 (7th Cir. 2019) (citations omitted).

Plaintiff also asserts that HSU management staff, HSU Manager Pelky, HSU Assistant Manager Borgen, HSU Assistant Manager Hoffman, and HSU Assistant Nursing Coordinator Ludwig, as well as Bureau of Health Service management staff, Gross, failed to train and supervise HSU personnel. Section 1983 "creates a cause of action based on personal liability and predicated upon fault; thus liability does not attach unless the individual defendant caused or participated in a constitutional violation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). A supervisor is not liable for the alleged misconduct of his or her subordinates unless a plaintiff can demonstrate that the supervisor turned a blind eye to the misconduct while it was occurring. *Perez*, 792 F.3d at 781. Plaintiff does not allege that these defendants knew of or were personally involved in the deprivations of his constitutional rights. In addition, a failure to train claim is not cognizable against these individuals. *See Brown v. Budz*, 398 F.3d 904, 918 (7th Cir. 2005) ("[F]ailure to train claims are usually maintained against municipalities, not against individuals . . . ." (internal quotation marks and citation omitted)). In short, Plaintiff fails to state a claim against HSU Manager Pelky, HSU Assistant Manager Borgen, HSU Assistant Manager Hoffman, HSU

4

Assistant Nursing Coordinator Ludwig, and Gross. Accordingly, for the reasons explained in the original screening order and this order, Plaintiff fails to state a claim upon which relief can be granted.

**IT IS THEREFORE ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) **for failure to state a claim**.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Green Bay, Wisconsin this 25th day of June, 2026.

William C. Griesbach
United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. § 1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.